No. 18,960.

FLOYD H. KNOWLTON, JR., *v.* EUGENE CERVI, ET AL.
(350 P. [2d] 1066)

Decided April 11, 1960.

Mr. HAROLD J. HEAFER, for plaintiff in error.

Messrs. DONALDSON, HOFFMAN & GOLDSTEIN, Mr. ALAN A. ARMOUR, for defendants in error.

*In Department.*

Opinion by Mr. Justice Knauss.

In the trial court plaintiff in error was plaintiff and defendants in error were defendants. We shall refer to the parties as they there appeared.

Plaintiff's original complaint was one to recover damages for an alleged libel. An amended complaint was labeled "Infringement of Constitutional Rights," in which was combined this claim with that of the alleged libel claimed in the original complaint. The action was based on the publication hereinafter mentioned and it was alleged that said publication violated plaintiff's constitutional right to live a "quiet, peaceful and unsullied" life and enjoy an "unblemished reputation" and that his character has been "ruthlessly and needlessly invaded."

A motion to dismiss both claims was sustained by the trial court, and plaintiff brings the case here by writ of error.

The record discloses that on or about May 2, 1957, defendants published in Cervi's Journal an article headed "Suburbanite charges Policeman said: 'You live Outside Of Denver, Have No Rights, Shut up or Go To Jail.'" Then follows the statement: "A Denver traffic policeman was accused this week of telling off a suburban dweller, a Denver manufacturer of storm windows as follows: 'You don't have any rights in Denver, you deserve a ticket, you live outside the city and don't pay taxes, and if you say one more word, I'm taking you to jail.'" Then follows a copy of the letter which the article said was sent to Governor McNichols and other top officials, and to Denver and suburban newspapers, by the motorist. This letter contained the quoted matter above set forth.

An analysis of the article printed by defendants fails to disclose the slightest resemblance to words or statements that are libelous in character, and no authorities

are cited in the brief of plaintiff to support his contention—that the publication violated his right to live a "quiet, peaceful and unsullied" life under Article II, Section 3 of the Colorado Constitution. It is the exposure of his invasion of the rights of the motorist which sounds the keynote of his discontent.

Defendants merely published what plaintiff himself reportedly said to a motorist, who being dissatisfied with what he claimed was the treatment accorded him by the plaintiff, a police officer, exercised his constitutional right to petition for a redress of grievances by addressing the communication here complained of to the appropriate public officials and to the newspapers.

It is fundamental that a plaintiff in a libel suit must state a claim upon which relief may be granted and a trial court may grant a motion to dismiss in libel actions, as well as in other suits. *Hazy v. Woitke*, 23 Colo. 556, 48 Pac. 1042.

Perceiving no error in the record, the judgment is affirmed.

Mr. Chief Justice Sutton and Mr. Justice Hall concur.